**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**YASSA REGLANT SOLIMAN SALAMA,**

Docket No. __CV___________

Plaintiff,

-against-

**JTPCC HOSPITALITY, LLC, JOHN CHUNG, THOMAS MUNOZ, JAVIER GOMEZ, and STEVEN CAMPBELL,**

**COMPLAINT**

Defendants.

The Plaintiff, Yassa Reglant Soliman Salama, by way of Complaint filed against the Defendants, JTPCC Hospitality, LLC; John Chung; Thomas Munoz; Javier Gomez and Steven Campbell, states as follows:

**JURISDICTION AND VENUE**

1. This action is properly brought before this Court pursuant to 28 U.S.C. § 1332(a)(1).

2. Venue is proper under 28 U.S.C. § 1332, as there is diversity jurisdiction between the parties and at least one of the Defendants named herein resides within the Southern District of New York.

**THE PARTIES**

3. The Plaintiff, Yassa Reglant Soliman Salama, is an individual residing at 2113 S Bouvier Street, Philadelphia, Pennsylvania 19145.

4. The Defendant, JTPCC Hospitality, LLC, upon information and belief, is a New York limited liability company with a business address of 3056 Cross Bronx Expressway, Apt. 2, Bronx, New York 10465.

5. The Defendant, John Chung, is an individual residing at 13 Carnation Road, Monroe Township, New Jersey 08813.

6. The Defendant, Thomas Munoz, is an individual residing at 44 Bennett Avenue, Apt. 3A, New York, New York 10033.

7. The Defendant, Javier Gomez, is an individual residing at 2022 Central Road, Suite 101, Fort Lee, New Jersey 07024.

8. The Defendant, Steven Campbell, is an individual residing at 376 Ferrell Road, Mullica Hill, New Jersey 08062.

## FACTUAL BACKGROUND

9. The Plaintiff was introduced to the Defendant, John Chung, through his former employer.

10. The Defendant, John Chung, offered the Plaintiff an investment opportunity, which would afford the Plaintiff a membership interest in the Defendant, JTPCC Hospitality, LLC.

11. According to the terms offered by John Chung, if the Plaintiff invested $100,000.00 into the company, then the Plaintiff would be entitled to monthly income in the amount of $3,000.00.

12. On June 1, 2023, a contract was executed by the Plaintiff and the Defendants, John Chung, Thomas Munoz, Javier Gomez and Steven Campbell (collectively the "Individual Defendants"), establishing the operations and the membership of the Defendant-company, JTPCC Hospitality, LLC.

13. The contract detailed the members of the company and the respective membership interests in the company.

14. According to the contract, the Plaintiff was a member of JTPCC Hospitality, LLC and owned 22.5 units, providing the Plaintiff with a 22.5% interest in the company.

15. The powers of the JTPCC Hospitality, LLC were exercised by, or under the authority of, and the business affairs of the JTPCC Hospitality, LLC were to be managed under the direction of the Managers, John Chung and Thomas Munoz.

16. If the company had distributable cash, the company may have distributed said funds to each member, pro rata, in proportion to each members' respective number of units owned.

17. If any assets of JTPCC Hospitality, LLC were distributed in kind, such assets were to be distributed to the entitled Members in the same proportions as the Members would have been entitled to cash distributions if such property had been sold for cash and the net proceeds thereof distributed to the Members.

18. The terms of the contract are governed by, and construed in accordance with, the laws of the State of New York.

19. Further, venue for any action arising under or in connection with the agreement should lie exclusively in New York.

20. The terms of the contract stated that "the company shall indemnify, defend, protect and hold harmless each member and officer from and against all actions, suits or proceedings, and all other claims, demands, losses, damages, liabilities, judgments, awards, penalties, fines, settlements, costs and expenses (including court costs and reasonable attorneys' fees), arising out of the management of the company or such members service or status as a member or such officer's service or status as an officer."

21. However, "willful misconduct or breach of [the] agreement by such member or officer" was an exclusion to the indemnification clause quoted above.

22. After the Plaintiff made the $100,000.00 investment, a one-time payment was received by the Plaintiff in the amount of $2,400.00.

23. The monthly payments were no longer received and the Plaintiff continuously reached out to John Chung inquiring about the missing payments. John Chung made further promises to the Plaintiff that the payments would be reinstated.

24. After numerous attempts made by the Plaintiff to recover the funds to which he was promised, the Plaintiff reached out to the owner of Vesper Center City, Chi Ye Timothy Lu.

25. Chi Ye Timothy Lu informed the Plaintiff that he was in fact not an investor or a member of the company and that he had been scammed by the Defendant, John Chung.

26. The Defendants, John Chung, Thomas Munoz, Javier Gomez and Steven Campbell were working together in a concerted effort to induce the Plaintiff into making an investment into JTPCC Hospitality, LLC based on material misrepresentations of fact.

27. The Plaintiff was fraudulently misled into investing in JTPCC Hospitality, LLC, while the Defendants, had no intention on ever having the Plaintiff become a legitimate member of the company or to remit payment to the Plaintiff based on his investment.

28. The Defendants, as members and managing members, jointly used the business of JTPCC Hospitality, LLC for the Individual Defendants' personal gain by perpetrating fraud against the Plaintiff and therefore, the Defendants may be held individually liable.

## COUNT I: BREACH OF CONTRACT

29. The Plaintiff incorporates paragraphs 1-28, inclusively, of this Complaint as if set out fully and at length herein.

30. The Defendant, John Chung, made an offer to the Plaintiff, jointly on behalf of all of the Defendants, for the Plaintiff to make an investment in the amount of $100,000.00 and in turn, the Plaintiff would become a member of JTPCC Hospitality, LLC and would receive monthly income in the amount of $3,000.00.

31. On June 1, 2023, a contract was executed by the Plaintiff and the Individual Defendants, establishing the members and operations of the Defendant-company, JTPCC Hospitality, LLC.

32. In accordance with the signed contract, the Plaintiff transferred $100,000.00, fulfilling his duty as an investor, to the Defendants.

33. Following the investment, the Plaintiff received a one-time income payment in the amount of $2,400.00.

34. However, the Defendants failed to remit any further returns on the investment to the Plaintiff and have entirely excluded the Plaintiff from all aspects of the business to which the Plaintiff is a Member. Despite the Plaintiff having made numerous attempts to communicate with the Defendants regarding the status of his investment, the Defendants have refused to further engage in discussions regarding same with the Plaintiff.

35. Although the Plaintiff has fully complied with his obligations as outlined in the contract, the Defendants have failed to uphold the Plaintiff authority within the company and have failed to remit the Plaintiff's monthly income as promised.

36. The Plaintiff was later informed that he was not actually a member of, or have any ownership interest in, JTPCC Hospitality, LLC.

37. Therefore, the Defendants are in breach of the parties' contract, causing the Plaintiff to suffer financial harm.

**COUNT II: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

38. The Plaintiff incorporates paragraphs 1-37, inclusively, of this Complaint as if set out fully and at length herein.

39. The Defendant, John Chung, made an offer to the Plaintiff, jointly on behalf of all of the Defendants, for the Plaintiff to make an investment in the amount of $100,000.00 and in turn, the

Plaintiff would become a member of JTPCC Hospitality, LLC and receive monthly income in the amount of $3,000.00.

40. On June 1, 2023, a contract was executed by the Plaintiff and the Individual Defendants, establishing the operations and the membership of the Defendant-company, JTPCC Hospitality, LLC.

41. Despite the Plaintiff having made a $100,000.00 investment, the Defendants have continuously refused to provide the Plaintiff with any returns on his investment and/or monthly income besides a one-time payment in the amount of $2,400.00.

42. The Defendants intentionally withheld income which the Plaintiff was assured would be paid to him monthly. Beyond the aforementioned $2,400.00 payment, the Defendants did not refund the Plaintiff for the money that had been invested or provide any additional income to the Plaintiff in accordance with the June 1, 2023 contract.

43. The Plaintiff was later informed that he is not actually a member of, or have any ownership interest in, JTPCC Hospitality, LLC.

44. Under federal and New York law, the covenant of good faith and fair dealing is inherent within every contract.

45. The Defendants' conduct constitutes a breach of said duty and as a result, the Plaintiff has been financially harmed.

**COUNT III: COMMON LAW FRAUD**

46. The Plaintiff incorporates paragraphs 1-45, inclusively, of this Complaint as if set out fully and at length herein.

47. The Defendant, John Chung, made an offer to the Plaintiff, jointly on behalf of all of the Defendants, for the Plaintiff to make an investment in the amount of $100,000.00 and in turn, the

Plaintiff would become a member of JTPCC Hospitality, LLC and assured the Plaintiff that he would receive a monthly $3,000.00 income payment.

48. The Plaintiff transferred $100,000.00 to the Defendants, fulfilling his duty as an investor.

49. Following the investment, the Plaintiff received a one-time return on his investment in the amount of $2,400.00.

50. However, the Defendants failed to remit any further income payments to the Plaintiff and have entirely excluded the Plaintiff from all aspects of the business to which the Plaintiff was a partner. Despite the Plaintiff having made numerous attempts to communicate with the Defendants regarding the status of his investment, the Defendants have refused to further engage in discussions regarding same with the Plaintiff.

51. The Defendant, John Chung, on behalf of all of the Defendants collectively, knowingly made false promises to the Plaintiff with respect to the income and the membership status to which the Plaintiff would be entitled upon making the investment solely to induce the Plaintiff into remitting $100,000.00 to the Defendant, JTPCC Hospitality, LLC, and to be within the control of the Individual Defendants.

52. The Defendants, John Chung and Thomas Munoz, are the managing members of JTPCC Hospitality, LLC.

53. The Plaintiff relied on the verbal assurances made by the Defendant, John Chung, on behalf of all of the Defendants collectively, as well as the terms of the June 1, 2023 contract, in agreeing to invest in the Defendant-company, JTPCC Hospitality, LLC.

54. When the oral and/or written promises were made by, or on behalf of, the Defendants, the Defendants had no intention of fulfilling its obligations of remitting monthly payments to the Plaintiff or having him be a member of JTPCC Hospitality, LLC.

55. Only one payment was made as a return on the Plaintiff's investment, a tactic used to placate the Plaintiff and lead the Plaintiff to believe that the Defendants would fulfill each of their contractual obligations. From the time that the initial offer was made by the Defendant, John Chung, to the Plaintiff, the Defendants never had the intention of having the Plaintiff as a member of JTPCC Hospitality, LLC or making any substantial payment to the Plaintiff as a return on his investment and/or as income.

56. The Defendants materially misrepresented the facts to the Plaintiff to wrongfully induce the Plaintiff agreeing to invest $100,000.00 to JTPCC Hospitality, LLC and to execute the June 1, 2023 contract, allowing the Defendants to retain almost the entirety of the Plaintiff's investment and withholding monetary returns on the investment to the Plaintiff.

57. As a result of the Defendants' fraudulent conduct, and the Plaintiff's reasonable reliance on the Defendants' misrepresentations, the Plaintiff has been financially harmed.

## COUNT IV: FRAUD IN THE INDUCEMENT

58. The Plaintiff incorporates paragraphs 1-57, inclusively, of this Complaint as if set out fully and at length herein.

59. The Defendant, John Chung, made an offer to the Plaintiff, jointly on behalf of all of the Defendants, for the Plaintiff to make an investment in the amount of $100,000.00 and in turn, the Plaintiff would become a member of JTPCC Hospitality, LLC and assured the Plaintiff that he would receive a monthly $3,000.00 income payment.

60. The Plaintiff transferred $100,000.00 to the Defendants, fulfilling his duty as an investor.

61. Following the investment, the Plaintiff received a one-time return on his investment in the amount of $2,400.00.

62. However, the Defendants failed to remit any further income payments to the Plaintiff and have entirely excluded the Plaintiff from all aspects of the business to which the Plaintiff was a partner. Despite the Plaintiff having made numerous attempts to communicate with the Defendants regarding the status of his investment, the Defendants have refused to further engage in discussions regarding same with the Plaintiff.

63. The Defendant, John Chung, on behalf of all of the Defendants collectively, knowingly made false misrepresentations to the Plaintiff with respect to the income and the membership status to which the Plaintiff would be entitled upon making the investment solely to induce the Plaintiff into remitting $100,000.00 to the Defendant, JTPCC Hospitality, LLC, and to be within the control of the Individual Defendants.

64. The Plaintiff reasonably relied on the verbal assurances made by the Defendant, John Chung, on behalf of all of the Defendants collectively, as well as the terms of the June 1, 2023 contract, in agreeing to invest in the Defendant-company, JTPCC Hospitality, LLC.

65. When the oral and/or written promises were made by, or on behalf of, the Defendants, the Defendants had no intention of fulfilling its obligations of remitting monthly payments to the Plaintiff or having him be a member of JTPCC Hospitality, LLC.

66. The Defendants made material misrepresentations to the Plaintiff to wrongfully induce the Plaintiff agreeing to invest $100,000.00 to JTPCC Hospitality, LLC and to execute the June 1, 2023 contract, allowing the Defendants to retain almost the entirety of the Plaintiff's investment and withholding monetary returns on the investment to the Plaintiff.

67. As a result of the Defendants having fraudulently induced the Plaintiff into remitting monies to JTPCC Hospitality, LLC, and the Plaintiff having reasonably relied on the Defendants' misrepresentations, the Plaintiff has been financially harmed.

68. Since the Plaintiff's execution of the June 1, 2023 contract was a result of the Defendants' fraudulent inducement, the Plaintiff requests that the June 1, 2023 contract be rescinded and the monies previously invested be returned to the Plaintiff.

**COUNT V: VIOLATIONS OF N.Y. GEN. BUS. LAW§ 349**

69. The Plaintiff incorporates paragraphs 1-68, inclusively, of this Complaint as if set out fully and at length herein.

70. The Plaintiff transferred $100,000.00 to the Defendants, fulfilling his duty as an investor.

71. Following the investment, the Plaintiff received a one-time income payment in the amount of $2,400.00.

72. When the oral and/or written promises were made by, or on behalf of, the Defendants, the Defendants had no intention of fulfilling its obligations of remitting monthly payments to the Plaintiff or having him be a member of the Defendant-company, JTPCC Hospitality, LLC.

73. However, the Defendants failed to remit any further returns on the investment and/or income payments to the Plaintiff and have entirely excluded the Plaintiff from all aspects of the business to which the Plaintiff was made to believe he would be a member.

74. Despite the Plaintiff having made numerous attempts to communicate with the Defendants regarding the status of his investment, the Defendants have refused to further engage in discussions regarding same with the Plaintiff.

75. Instead of the Defendants remitting the promised $3,000.00 monthly income payments to the Plaintiff, the Defendants continued to maintain control over the remaining portion of the Plaintiff's investment and withhold said investment funds, and/or the monetary returns thereof, from the Plaintiff.

76. Despite numerous requests and inquiries made by the Plaintiff regarding the anticipated income payments, the Defendants refused to comply with the terms of the parties' contract.

77. The Defendant, John Chung, on behalf of all of the Defendants collectively, made false promises to the Plaintiff with respect to the income and the membership status to which the Plaintiff would be entitled upon making the investment solely to induce the Plaintiff into remitting $100,000.00 to the Defendants and executing the June 1, 2023 contract.

78. The Plaintiff relied on the verbal assurances made by the Defendant, John Chung, on behalf of all of the Defendants collectively, as well as the terms of the June 1, 2023 contract, in agreeing to be an investor of the Defendant-company, JTPCC Hospitality, LLC.

79. When the oral and/or written promises were made by, or on behalf of, the Defendants, the Defendants had no intention of fulfilling its obligations of remitting monthly payments to the Plaintiff or having him be a member of the Defendant-company, JTPCC Hospitality, LLC.

80. The Plaintiff was later informed that he was not actually a member of, or had any ownership interest in, JTPCC Hospitality, LLC.

81. The Defendants gained the benefit of the Plaintiff's $100,000.00 investment, with the Plaintiff having only received a one-time payment in the amount of $2,400.00, which was not the parties' agreement.

82. The Defendants, collectively and on behalf of the Defendant, JTPCC Hospitality, LLC, devised this fraudulent scheme with the sole intention of scamming the Plaintiff to make a sizeable investment, without intending on complying with the contractual obligations to which the Defendants agreed.

83. As a result of the Defendants having intentionally and wrongfully retained the Plaintiff's investment funds and/or any returns on said investment, the Plaintiff has been financially harmed.

84. Under N.Y. Gen. Bus. Law § 349, it is unlawful for an individual or entity to engage in "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York] state." N.Y. Gen. Bus. Law § 349(a).

85. A person that has been injured by an individual's or an entity's unlawful business practices has a private right of action against the violating party. N.Y. Gen. Bus. Law § 349(g).

86. A corporation and/or an agent/employee thereof that engages in such unlawful conduct prohibited by N.Y. Gen. Bus. Law § 349 shall be liable to a civil penalty of three times the actual restitution warranted. N.Y. Gen. Bus. Law § 350-D(b).

87. As a result of the Defendants' deceptive business acts of intentionally and wrongfully retained the Plaintiff's investment funds and/or any returns on said investment, in violation of N.Y. Gen. Bus. Law § 349, the Plaintiff has been financially harmed.

88. The Plaintiff suffered harm from the Defendants' violations of the State's legally defined business practices, and is therefore entitled to treble damages.

## COUNT VI: CONVERSION

89. The Plaintiff incorporates paragraphs 1-88, inclusively, of this Complaint as if set out fully and at length herein.

90. The Plaintiff transferred $100,000.00 to the Defendants, fulfilling his duty as an investor.

91. Following the investment, the Plaintiff received a one-time income payment in the amount of $2,400.00.

92. The parties executed a contract on June 1, 2023, affording the Plaintiff rights to a portion of JTPCC Hospitality, LLC's disbursements, to be distributed in a pro rata share of the Plaintiff's percentage of interest in said company.

93. When the oral and/or written promises were made by, or on behalf of, the Defendants, the Defendants had no intention of fulfilling its obligations of remitting monthly payments to the Plaintiff or having him be a member of the Defendant-company, JTPCC Hospitality, LLC.

94. However, the Defendants failed to remit any further returns on the investment and/or income payments to the Plaintiff and have entirely excluded the Plaintiff from all aspects of the business to which the Plaintiff was made to believe he would be a member.

95. Despite the Plaintiff having made numerous attempts to communicate with the Defendants regarding the status of his investment, the Defendants have refused to further engage in discussions regarding same with the Plaintiff.

96. Instead of the Defendants remitting the promised $3,000.00 monthly income payments to the Plaintiff, the Defendants continued to maintain control over the remaining portion of the Plaintiff's investment and withhold said investment funds, and/or the monetary returns thereof, from the Plaintiff following the execution of the June 1, 2023 contract.

97. Despite numerous requests and inquiries made by the Plaintiff regarding the anticipated returns on investment payments, the Defendants refused to comply with the terms of the parties' contract.

98. The bank accounts, monies and profits of JTPCC Hospitality, LLC, as well as the disbursements of said monies, are within the exclusive control and possession of the Individual Defendants. The Plaintiff has no control of, or access to, the bank accounts, monies and profits of JTPCC Hospitality, LLC, or the disbursement of said monies.

99. As a result of the Defendants having intentionally and wrongfully retained the Plaintiff's investment funds and/or any returns on said investment, the Plaintiff has been financially harmed.

100. The Plaintiff hereby demands that the Defendants reimburse the Plaintiff for the monthly income to which the Plaintiff is entitled in accordance with the terms of the parties' contract.

## COUNT VII: UNJUST ENRICHMENT

101. The Plaintiff incorporates paragraphs 1-100, inclusively, of this Complaint as if set out fully and at length herein.

102. The Plaintiff transferred $100,000.00 to the Defendants, fulfilling his duty as an investor.

103. Following the investment, the Plaintiff received a one-time income payment in the amount of $2,400.00.

104. However, the Defendants failed to remit any further returns on the investment and/or income payments to the Plaintiff and have entirely excluded the Plaintiff from all aspects of the business to which the Plaintiff was made to believe he would be a member.

105. Despite the Plaintiff having made numerous attempts to communicate with the Defendants regarding the status of his investment, the Defendants have refused to further engage in discussions regarding same with the Plaintiff.

106. Instead of the Defendants remitting the promised $3,000.00 monthly income payments to the Plaintiff, or any disbursement from JTPCC Hospitality, LLC, the Defendants continued to maintain control over the remaining portion of the Plaintiff's investment and withhold said investment funds, and/or the monetary returns thereof, from the Plaintiff.

107. Despite numerous requests and inquiries made by the Plaintiff regarding the anticipated returns on investment payments, the Defendants refused to comply with the terms of the parties' contract.

108. The Defendants received the benefit of the Plaintiff's $100,000.00 investment, with the Plaintiff having only received a one-time payment in the amount of $2,400.00, which was not the parties' agreement.

109. The Defendants have wrongfully retained the remaining portion of the Plaintiff's investment without fulfilling its contractual obligations, and therefore, the Defendants have been unjustly enriched at the Plaintiff's expense.

110. As a result of the Defendants having intentionally and wrongfully retained the Plaintiff's investment funds and/or any returns on said investment, the Plaintiff has been financially harmed.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment against the Defendants, JTPCC Hospitality, LLC, John Chung, Thomas Munoz, Javier Gomez and Steven Campbell, jointly, as follows:

A. Compensatory damages for the full amount of the Plaintiff's investment and/or the monthly income payments to which the Plaintiff was entitled from the time at which all parties entered into the contract, plus pre-judgment and post-judgment interest;

B. Recission of the June 1, 2023 contract and the return of the full investment amount to the Plaintiff;

C. Treble damages and attorneys' fees and costs; and

D. Any additional relief that the Court deems just.

Wolfgang Heimerl, Esq.
Heimerl Law Firm
30 Wall Street, 8th Floor
New York, New York 10005
Tel: (212) 709-8370
Wolfgang@HeimerlLawFirm.com
*Attorneys for the Plaintiff*

Dated: August 24, 2026

**<u>CERTIFICATION</u>**

By signing below, I certify to the best of my knowledge, information and belief that the Complaint is not being presented for an improper purpose, the claims are supported by existing law or by a nonfrivolous argument to change existing law, the factual contentions have evidentiary support and the Complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

Wolfgang Heimerl, Esq.
Heimerl Law Firm
30 Wall Street, 8th Floor
New York, New York 10005
Tel: (212) 709-8370
Wolfgang@HeimerlLawFirm.com
*Attorneys for the Plaintiff*

Dated: August 24, 2026