UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YASSA REGLANT SOLIMAN SALAMA,

Plaintiff,

-against-

JTPCC HOSPITALITY, LLC, et al.,

Defendants.

---

26-CV-7200 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

I am in receipt of Plaintiff's Complaint, filed on August 24, 2026. (Doc. 1 ("Compl.").) In the complaint, Plaintiff alleges that jurisdiction is proper under 28 U.S.C. §1332(a)(1), as there is "diversity jurisdiction between the parties." (*Id.* ¶¶ 1–2.) Plaintiff also alleges that: (1) he resides in Philadelphia, Pennsylvania, (*id.* ¶ 3); (2) Defendant JTPCC Hospitality, LLC "is a New York limited liability company with a business address of 3056 Cross Bronx Expressway, Apt. 2, Bronx, New York 10465," (*id.* ¶ 4); (3) Defendant John Chung "is an individual residing at 13 Carnation Road, Monroe Township, New Jersey 08813," (*id.* ¶ 5); (4) Defendant Thomas Munoz "is an individual residing at 44 Bennett Avenue, Apt. 3A, New York, New York 10033," (*id.* ¶ 6); (5) Defendant Javier Gomez "is an individual residing at 2022 Central Road, Suite 101, Fort Lee, New Jersey 07024," (*id.* ¶ 7); and (6) Defendant Steven Campbell "is an individual residing at 376 Ferrell Road, Mullica Hill, New Jersey 08062," (*id.* ¶ 8).

"[T]he citizenship of every plaintiff must be diverse from the citizenship of every defendant in order to authorize the exercise of diversity jurisdiction by a federal court." *Tecon Oil Servs. Ltd. v. Bayerische Hypo-Und Vereinsbank*, 492 F. Supp. 2d 398, 399 (S.D.N.Y. 2007). For purposes of diversity of citizenship under 28 U.S.C. § 1332(a), an LLC "takes the citizenship of each of its members." *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt.*

*LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Thus, to invoke diversity jurisdiction, Plaintiff's complaint must establish "the citizenship of each member of the limited liability company." *Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 447 (S.D.N.Y. 2014) (citing *Krause v. Forex Exch. Mkt., Inc.*, 356 F. Supp. 2d 332, 336 (S.D.N.Y. 2005)). Moreover, "[f]or purposes of diversity jurisdiction, a party's citizenship depends on his domicile," not his residence. *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 371 F. App'x 135, 137 (2d Cir. 2010) (internal quotation marks omitted).

Here, Plaintiff has failed to properly allege both the citizenship of Defendant JTPCC Hospitality, LLC, because he does not plead the citizenship of each of its members, nor does he properly allege citizenship of the individual parties, since the location of their residences does not indicate citizenship. Courts are "entitled at any time *sua sponte* to delve into the issue of whether there is a factual basis to support the District Court's exercise of subject matter jurisdiction." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997) (collecting cases). Therefore, on or before October 14, 2026, Plaintiff shall file an amended complaint confirming the citizenship of the parties, so that I may evaluate whether diversity jurisdiction is proper over this matter.

SO ORDERED.

Dated: September 29, 2026
New York, New York

Vernon Broderick

Vernon S. Broderick
United States District Judge